J-S34015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TABITHA FAITH BUCK, | |
| Appellant | No. 2024 MDA 2015 |

Appeal from the PCRA Order entered October 26, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division, at No(s): CP-36-CR-0000398-1992

BEFORE: PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED OCTOBER 04, 2016**

Appellant, Tabitha Faith Buck, appeals from the order denying her post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand with instructions.

In 1991, Appellant, then seventeen years old, was convicted of second-degree murder. The trial court sentenced her to life in prison without the possibility of parole. We affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Buck*, 653 A.2d 1297 (Pa. Super. 2004) (Table), *appeal denied*, 655 A.2d 509 (Pa. 1995) (Table).

In 1996, Appellant filed a PCRA petition, but later withdrew it. Appellant filed another *pro se* PCRA petition on June 28, 2010. The PCRA court appointed counsel, and PCRA counsel filed an amended petition,

alleging that Appellant's sentence of life imprisonment without parole was unconstitutional in light of the U.S. Supreme Court's recent decision in *Graham v. Florida*, 130 S.Ct. 2011 (2010). The PCRA court concluded that the Court's decision in *Graham* did not create a new constitutional right, and, therefore, Appellant's 2010 petition remained untimely. Appellant filed a timely appeal to this Court.

In an unpublished memorandum filed on February 15, 2012, a panel of this Court agreed, and affirmed the order denying post-conviction relief. *See Commonwealth v. Buck*, 46 A.3d 818 (Pa. Super. 2012) (Table). Appellant filed a timely petition for allowance of appeal. On November 5, 2012, our Supreme Court denied Appellant's petition in a *per curiam* order "without prejudice to [her] right to file or pursue another PCRA petition premised on *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (June 25, 2012)." *Commonwealth v. Buck*, 55 A.3d 1051 (Pa. 2012) (Table).

Thereafter, Appellant filed a counselled PCRA petition. On October 30, 2013, our Supreme Court filed *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013), in which it determined that the *Miller* decision did not apply retroactively to cases on collateral appeal. Appellant then filed an amended PCRA petition on December 23, 2013. Following the United States Supreme Court's denial of *certiorari in Cunningham* on June 9, 2014, the PCRA court filed Rule 907 notice of its intent to dismiss Appellant's second PCRA petition without a hearing. Appellant did not file a response. By order

entered October 26, 2015, the PCRA court denied the petition. Appellant filed this timely appeal.

While this appeal was pending, the *Miller* decision was held to be retroactive by the United States Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). And *Miller* applies retroactively to cases pending on collateral review. *See Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016).

Appellant is plainly entitled to sentencing relief under *Miller* and *Montgomery*. The Commonwealth aptly concedes this disposition here. Accordingly, we reverse the PCRA court's order, vacate the judgment of sentence, and remand for re-sentencing.

Order reversed. Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judges Stabile and Jenkins concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2016